IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RANDALL DEAN SPARKMAN, PRO SE, § <br> TDCJ-CID #1248393, § <br> Previous TDCJ-CID #636597, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> RANDALL COUNTY DISTRICT § <br>   ATTORNEY'S OFFICE, § <br> JAMES FARREN, § <br>   Randall County District Attorney, § <br> ROBERT LOVE, and § <br> AMY L. RHODES, § <br> § <br> Defendants. § | 2:04-CV-0347 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff RANDALL DEAN SPARKMAN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

The Court reads plaintiff's complaint in this cause in conjunction with his complaint in cause no. 2:04-CV-0332, filed two weeks before the instant cause. Plaintiff complains defendants FARREN and RHODES "knowingly and willfully convict[ed] [plaintiff] on a faulty indictment" and defendant LOVE "question[ed] Misty Robb of [plaintiff's] intent without [plaintiff's] being present to defend [himself] in such accusation[1]." Plaintiff alleges the

---

[1] The Court notes plaintiff also mentions Misty Robb in his allegations concerning the criminal conviction which forms the subject of plaintiff's claims in cause no. 2:04-CV-0332. Further, his allegations in both causes concern an alleged misdemeanor trespass which plaintiff argues was transformed into a felony by the District Attorneys Office. Thus, it appears both cases concern the same criminal conviction.

charging instrument was defective and turned a misdemeanor trespass into a felony. Plaintiff also alleges the RANDALL COUNTY DISTRICT ATTORNEYS OFFICE conspires with pro bono attorneys to shuffle the accused through the justice system without a trial by jury by doing everything in their power to get the accused to agree to a plea bargain.

Plaintiff requests an award of $500,000.00 "and [his] legal rights as an American."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

Plaintiff's challenge to the charging instrument in his criminal case clearly places the validity of his conviction at issue. Further, the Court construes plaintiff's claim, that defendant LOVE questioned Misty Robb outside plaintiff's presence, to claim a violation of Due Process in plaintiff's criminal proceedings[4]. Any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994)). Plaintiff has not alleged any determination which would fulfill the *Heck* requirement and his allegations, showing he is presently incarcerated on the challenged conviction, demonstrate his conviction is still standing. Further, a search of court records indicates no habeas action has been filed, much less received a favorable determination.

Consequently, plaintiff's claims of the questioning of a witness outside his presence and conviction on an invalid charging instrument are frivolous and will not accrue until after the *Heck* conditions have been met. *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994).

Plaintiff's claim, that the RANDALL COUNTY DISTRICT ATTORNEYS OFFICE does everything in its power to get the accused to agree to a plea bargain rather than expending taxpayer resources on a trial, does not state a claim of constitutional deprivation. Plea

---

[4]Since plaintiff plead guilty and accepted a plea bargain, it is difficult to imagine how he was prejudiced or under what circumstances this person's testimony was taken. Nevertheless, the Court will assume, for purposes of this analysis, that her testimony was taken at some point without allowing plaintiff to be present and cross-examine, either personally or by counsel.

bargaining is based on "the mutuality of advantage" to defendants and prosecutors, each of whom has reasons for wanting to avoid trial. *Brady v. United States*, 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970).  A defendant who has advice from competent counsel and protection by other procedural safeguards is presumed capable of making an intelligent choice in response to prosecutorial persuasion, and resisting false self-condemnation. *Id.*, 397 U.S. at 758, 90 S.Ct. at 1474.  While confronting a defendant with the risk of more severe punishment may discourage the assertion of his right to a trial, the imposition of such difficult choices is permissible and is an "inevitable" "attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)(citing *Chaffin v. Stynchcombe*, 412 U.S. 17, 31, 93 S.Ct. 1977, 1985, 36 L.Ed.2d 714 (1973).  The Supreme Court "has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." *Id.*  Consequently, by this claim, plaintiff has failed to state a claim on which relief can be granted.

Lastly, as to plaintiff's claim of an illegal conspiracy with "pro bono" attorneys to get criminal cases resolved by plea bargain instead of by jury trial, plaintiff has not alleged any material act to support his claim of conspiracy. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990)(conclusory allegations lacking reference to material facts are insufficient to state a claim of conspiracy under section 1983).  Further, plaintiff has not alleged any illegal act[5] in furtherance of the conspiracy

---

[5]Plaintiff's claim of ineffective assistance of counsel is addressed in his cause no. 2:04-CV-0332.

or stated what is illegal about its alleged goal.  Thus, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

IT IS HEREBY ORDERED:

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff RANDALL DEAN SPARKMAN is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, WITH PREJUDICE AS FRIVOLOUS AND WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

IT IS SO ORDERED.

ENTERED THIS   16TH   DAY OF MAY 2005.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE